UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TINA M. EMERSON** | **CIVIL ACTION** |
| **versus** | **NO. 10-1846** |
| **STATE OF LOUISIANA** | **SECTION: "J" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** or, alternatively, **DISMISSED WITH PREJUDICE** as untimely.

On April 5, 2000, petitioner, Tina Emerson, was convicted of a crime against nature in violation of Louisiana law.[1] On July 13, 2000, she was sentenced to a term of three years imprisonment; however, the trial court suspended all but thirty days of that sentence and placed her

---

[1] State Rec., Vol. I of IV, transcript of April 5, 2000, p. 202; State Rec., Vol. I of IV, minute entry dated April 5, 2000; State Rec., Vol. I of IV, jury verdict form.

on active probation for a period of three years.[2] On April 11, 2001, the Louisiana Fifth Circuit Court of Appeal affirmed that conviction but remanded the matter for resentencing.[3] On November 15, 2001, the trial court resentenced her to a term of three years imprisonment; however, the court suspended the sentence and placed her on inactive probation for a period of three years.[4] Petitioner's related writ application was then denied by the Louisiana Supreme Court on March 28, 2002.[5]

On April 10, 2002, petitioner filed with this Court a federal application for *habeas corpus* relief. That application was dismissed without prejudice on July 30, 2002, because she had not yet exhausted her remedies in state court.[6]

In the interim, on June 12, 2002, petitioner returned to the state district court to file an application for post-conviction relief.[7] That application was denied on June 27, 2002.[8] Her

---

[2] State Rec., Vol. I of IV, transcript of July 13, 2000, pp. 12-13; State Rec., Vol. II of IV, minute entry dated July 13, 2000.

[3] State v. Emerson, No. 00-KA-1685 (La. App. 5th Cir. Apr. 11, 2001) (unpublished); State Rec., Vol. II of IV. Although the state district court's minute entry reflected that petitioner was placed on three years active probation, the intermediate appellate court found that the district court failed to specify the probationary period.

[4] State Rec., Vol. II of IV, minute entry dated November 15, 2001.

[5] State v. Emerson, 812 So.2d 643 (La. 2002) (No. 2001-KO-1325); State Rec., Vol. II of IV.

[6] Emerson v. Louisiana, No. 02-1071 (E.D. La. July 30, 2002).

[7] State Rec., Vol. II of IV.

[8] State Rec., Vol. II of IV, Order dated June 27, 2002.

related writ applications were likewise denied by the Louisiana Fifth Circuit Court of Appeal on July 25, 2002,[9] and by the Louisiana Supreme Court on September 19, 2003.[10]

After then taking a break from her post-conviction litigation efforts for almost one year, petitioner recommenced her efforts with a passion in September of 2004. On September 2, 2004, she filed with the state district court a "Motion for Acquittal,"[11] which was denied on September 10, 2004.[12] While that motion was still pending, she additionally filed with the state district court a "Complaint" on September 7, 2004,[13] which was denied on September 21, 2004.[14] Also on September 21, 2004, she filed with the state district court an "Amended Complaint,"[15] which was denied on October 1, 2004.[16] On October 5, 2004, she filed with the state district court a "Motion for a Spears Hearing,"[17] which was denied on October 15, 2004.[18] Thereafter, relief was

---

[9] State v. Emerson, No. 02-KH-745 (La. App. 5th Cir. July 25, 2002) (unpublished); State Rec., Vol. II of IV.

[10] State *ex rel.* Emerson v. State, 853 So.2d 629 (La. 2003) (No. 2002-KH-2367); State Rec., Vol. IV of IV.

[11] State Rec., Vol. II of IV.

[12] State Rec., Vol. II of IV, Order dated September 10, 2004.

[13] State Rec., Vol. II of IV.

[14] State Rec., Vol. II of IV, Order dated September 21, 2004.

[15] State Rec., Vol. II of IV.

[16] State Rec., Vol. II of IV, Order dated October 1, 2004.

[17] State Rec., Vol. II of IV.

[18] State Rec., Vol. II of IV, Order dated October 15, 2004.

likewise denied by the Louisiana Fifth Circuit Court of Appeal on November 9, 2004,[19] and by the Louisiana Supreme Court on August 19, 2005.[20]

Petitioner then took another break from her efforts, only to recommence them once again in 2008. On March 24, 2008, she filed with the state district court a "Motion to Correct Illegal Sentence,"[21] which was denied on April 18, 2008.[22] On December 29, 2009, she filed with the state district court a "Motion to Invalidate,"[23] which was denied on January 11, 2010.[24] On May 18, 2010, she filed with the state district court a "Motion to Vacate or Set Aside,"[25] which was denied on May 21, 2010,[26] and June 17, 2010.[27]

Then, on or about June 22, 2010, petitioner filed the instant application for federal *habeas corpus* relief.[28] She has since also filed numerous motions in this case. The undersigned has

---

[19] State v. Emerson, No. 04-KH-1301 (La. App. 5th Cir. Nov. 9, 2004) (unpublished); State v. Emerson, No. 04-KH-1302 (La. App. 5th Cir. Nov. 9, 2004) (unpublished); State Rec., Vol. IV of IV.

[20] State *ex rel.* Emerson v. State, 908 So.2d 663 (La. 2005) (No. 2004-KH-2821); State Rec., Vol. IV of IV.

[21] State Rec., Vol. III of IV.

[22] State Rec., Vol. III of IV, Order dated April 18, 2008.

[23] State Rec., Vol. III of IV.

[24] State Rec., Vol. III of IV, Order dated January 11, 2010.

[25] State Rec., Vol. III of IV.

[26] State Rec., Vol. III of IV, Order dated May 21, 2010.

[27] State Rec., Vol. III of IV, Order dated June 17, 2010.

[28] Rec. Doc. 1.

disposed of many of those motions; however, many others remain pending because they are intertwined with the merits of the instant petition.

On October 14, 2010, the state filed its response in this matter.[29]  In that response, the state argues that this Court lacks subject matter jurisdiction because petitioner is no longer in custody with respect to the conviction being challenged.  The state additionally argues that, in any event, the instant petition is untimely.  The state is correct on both points.

## Subject Matter Jurisdiction

Federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added).  As the states notes in its response, once a sentence imposed for a conviction has fully expired, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction.  Maleng v. Cook, 490 U.S. 488, 492 (1989).  Although petitioner is currently incarcerated, that incarceration stems from a separate criminal proceeding in the Arkansas state courts.  However, her three-year sentence on the 2000 Louisiana conviction obviously expired long ago.  Accordingly, she is not "in custody" on the conviction challenged in this petition, and this Court therefore lacks subject matter jurisdiction to entertain her challenge.

Out of an abundance of caution, the Court notes that petitioner appears to argue that she is still required to register as a sex offender as a result of the 2000 conviction.  Even if that is true, such a registration requirement does not render a person "in custody" for *habeas corpus*

---

[29] Rec. Doc. 44.

- 5 -

purposes. Virsnieks v. Smith, 521 F.3d 707, 718 (7th Cir. 2008) ("[G]iven the habeas statute's 'in custody' requirement, courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas."); Leslie v. Randle, 296 F.3d 518, 522-23 (6th Cir. 2002); McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999); Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir. 1999); Williamson v. Gregoire, 151 F.3d 1180, 1184 (9th Cir. 1998).

However, if the United States District Judge finds that this Court does in fact have jurisdiction in this matter, the undersigned notes that relief should still be denied because the petition is clearly untimely for the following reasons.

### Timeliness

The instant petition is timely only if it was filed within the limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Specifically, the AEDPA generally requires that a petitioner bring her Section 2254 claims within one (1) year of the date on which her underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[30]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on March 28, 2002. Therefore, under § 2244(d)(1)(A), her conviction and sentence became "final" on June 26, 2002, when her period expired for seeking a writ of certiorari from the United

---

[30] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

States Supreme Court.  See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).  Accordingly, her one-year period for seeking federal *habeas corpus* relief would normally have commenced on that date and expired one year later.

However, the AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking the conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).  As of June 26, 2002, petitioner had already tolled the limitations period by filing her state post-conviction on June 12, 2002.  Moreover, tolling then continued uninterrupted for the duration of those post-conviction proceedings, so long as she sought supervisory review in a timely manner.  Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004).  The state does not contend that petitioner's related appellate court writ applications were untimely.  Therefore, this Court will assume that tolling continued uninterrupted until the Louisiana Supreme Court denied relief on September 19, 2003.[31]

When the federal limitations period finally commenced on that date, it ran uninterrupted for three hundred forty-eight (348) days, until petitioner again tolled the limitations period by filing her "Motion for Acquittal" on September 2, 2004.  The Court will assume for the

---

[31] A petitioner receives no additional tolling credit for the period during which she could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief.  Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

purposes of this decision that tolling then continued uninterrupted for an extended period as she continually sought relief in various filings in the state courts, finally ending when the Louisiana Supreme Court once again denied her relief on August 19, 2005.[32]

When the limitations period then resumed running at that point, petitioner had only seventeen (17) days remaining in which either to file her federal application or to again toll the period by filing another state application for post-conviction relief or other collateral review . She did neither.  She filed no federal application during that period, and her next such state court application was not filed until March 24, 2008, nine hundred seventeen (917) days later.[33]

Accordingly, petitioner's federal limitations period expired on September 6, 2005,[34] unless she is additionally eligible for equitable tolling.  See Holland v. Florida, 130 S.Ct. 2549, 2560

---

[32] It is doubtful that some of the filings during that period actually qualified as applications for state post-conviction relief or other collateral review under § 2244(d)(2).  However, because the state does not argue that point in its response, and because the instant petition is clearly untimely even if petitioner is given full credit for all such state court filings, the Court will assume for the purposes of this decision that tolling continued until August 19, 2005.

[33] Although petitioner recommenced her post-convictions efforts with fervor in 2008, the numerous applications she filed after the expiration of the statute of limitations have no bearing on the timeliness of her federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

[34] Although petitioner had only seventeen days of the limitations period remaining, the seventeenth day, September 5, fell on a legal holiday. Accordingly, the period was extended through the following day.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

(2010) (holding that the AEDPA's limitations period is also subject to equitable tolling).  However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner has brought forth no evidence demonstrating that she is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is not entitled to further statutory tolling and has not established entitlement to equitable tolling, her federal application for *habeas corpus* relief had to be filed on or before September 6, 2005, in order to be timely.  Because her federal application was not filed until June of 2010, it is clearly untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that Tina Emerson's petition for federal *habeas corpus* relief be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** or, alternatively, **DISMISSED WITH PREJUDICE** as untimely.

In light of the foregoing, **IT IS FURTHER RECOMMENDED** that petitioner's related pending motions, Rec. Docs. 8, 9, 16, 17, 19, 39, 47, 48, 57, and 58 likewise be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[35]

New Orleans, Louisiana, this eighteenth day of November, 2010.

                                        **SALLY SHUSHAN**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[35] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.